**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| P.M., | : | C.M. # 19860-K |
| A person with a disability | : | |
| (now deceased) | : | |

### ORDER DENYING PETITION TO EXPEND

WHEREAS, on February 25, 2022, T.G. and D.M. (the "Co-Guardians") were appointed as co-guardians of the person and property of P.M. (the "Decedent");[1]

WHEREAS, on January 8, 2024, D.M. informed the Register in Chancery that the Decedent passed on January 6, 2024;[2] D.M. was provided a petition to terminate and an accounting packet for the third and final accounting;[3]

WHEREAS, on or around January 16, 2024, D.M. spoke with the Register in Chancery again and was advised to go to the Register of Wills and open an estate and then file a petition to terminate, together with the third and final accounting;[4]

WHEREAS, to date, the Co-Guardians have not submitted proof that an estate has been opened for the Decedent, nor have they filed a petition to terminate or the third and final accounting;

---

[1] Docket Item ("D.I.") 5.

[2] D.I. 45.

[3] *Id.*

[4] D.I. 46.

1

WHEREAS, on or around January 25, 2024, the Co-Guardians filed a petition seeking to expend funds from the guardianship assets to pay for the Decedent's burial expenses, the family luncheon after the Decedent's burial, and a wheelchair pad replacement purchased for the Decedent (the "Petition to Expend");[5]

WHEREAS, as recognized by Chancellor Seitz in *In re Bohnstedt*, a guardian appointed by this Court derives their power to act from the living person with a disability;[6] thus, "after the death of the [person with a disability] the [guardian], absent statutory authority, has no power to pay existing obligations. The creditors must file their claims in the estate proceedings[;]"[7]

WHEREAS, as recognized most recently by Vice Chancellor Zurn in *In re A.N.*, Delaware's statutory scheme provides no such post-death, pre-estate power for guardians to pay the person with a disability's unpaid debts and liabilities;[8] the guardian's responsibilities after death and before termination of the guardianship action are limited to (1) being candid with and responsive to the Court as it works to close the guardianship action, (2) safeguarding the late person with a disability's

---

[5] D.I. 47.

[6] *In re Bohnstedt*, 125 A.2d 580, 582 (Del. Ch. 1956).

[7] *Id.* (citations omitted).

[8] *In re A.N.*, 2020 WL 7040079, at *11 (Del. Ch. Nov. 30, 2020).

assets for transfer to their estate, and (3) accounting for the guardian's remaining unaccounted for pre-death service;[9]

IT IS HEREBY ORDERED, this 31st day of January, 2024, as follows:

1.      The Petition to Expend is DENIED, without prejudice to any creditor's right to file a claim against the person with a disability's estate for unpaid debts or expenses.

2.      The Co-Guardians shall promptly file a petition with the Register of Wills to open the Decedent's estate and, within thirty (30) days, file with this Court a petition to terminate and the third and final accounting for the period of September 9, 2023 to January 6, 2024.

3.      This is a final report and exceptions may be filed under Court of Chancery Rule 144.

/s/ Selena E. Molina
Magistrate in Chancery

---

[9] *Id.* at *12, *14.